IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN L. LANE,
    Plaintiff
    v.
GERALD ROZUM, SUPERINTENDENT,
S.C.I. SOMERSET, et al.,
    Defendants

Case No. 3:13-cv-268-KRG-KAP

Memorandum Order

This matter is before Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636 and Local Civil Rule 72.

The Magistrate Judge filed a Report and Recommendation on September 12, 2017, ECF no. 142, recommending that the motion for summary judgment by defendant Pennsylvania Department of Corrections at ECF no. 125 be granted as to the remaining negligence claim and the motion for summary judgment by defendant Dr. Rashida Mahmud at ECF no. 121 be granted as to the deliberate indifference claim and denied as to the pendent negligence claim.

The parties were notified that, pursuant to 28 U.S.C.§ 636(b)(1), they had fourteen days to file written objections to the Report and Recommendation. Plaintiff filed timely objections at ECF no. 143, with a new declaration by plaintiff's medical expert as an exhibit at ECF no. 144 and a new declaration by plaintiff's engineer expert at ECF no. 146. Defendant Dr. Mahmud replied to the objections as they applied to the claim against her at ECF no. 145.

I have reviewed the objections *de novo*. I do not consider the exhibit at ECF no. 144 or the exhibit at ECF no. 146.

When a district court considers written objections to the report and recommendations of a magistrate judge in dispositive matters the court "may also receive further evidence." See Alarmax Distributors, Inc. v. Honeywell International Inc., 2015 WL 12756857 at *2 (W.D.Pa. Nov. 24, 2015)(quoting 28 U.S.C.§ 636(b)(1)). The use of the word "may" suggests that in the absence of good cause shown the court normally does not consider evidence not presented to the magistrate judge because, as the Court of Appeals has pointed out, not considering on appeal evidence that was not presented to the lower tribunal is a basic feature of the common law tradition. See Haines v. Liggett Group Inc., 975 F.2d 81, 92-93 (3d Cir.1992). When evidence is not presented to a magistrate judge and not even generated until after a Report and Recommendation is filed, to consider it would reduce the role of magistrate judges from evaluating dispositive motions to giving the parties advice about what they need to file in the "real" proceeding before the court. That is particularly the case here, where the supplemental declarations are expressly written as disputations of the Report and Recommendation.

2

After *de novo* review of the record, the Report and Recommendation, the objections thereto and the reply to the objection, the following order is entered:

AND NOW, this 29th day of September, 2017, it is

ORDERED that the motion for summary judgment at ECF no. 125 is granted. Judgment is entered for the Pennsylvania Department of Corrections. The motion for summary judgment at ECF no. 121 is denied without prejudice: I will consider the entire motion for summary judgment by Dr. Rashida Mahmud when the discovery ordered by the Magistrate Judge has been completed, together with any supplemental materials filed by the parties in support of their positions on summary judgment and any supplemental Report and Recommendation by the Magistrate Judge. The Report and Recommendation, as relevant, is adopted as the opinion of the Court. The matter remains before the Magistrate Judge for further proceedings.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to counsel of record by ECF